# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | CASE NUMBER: 8:11-cr-78-T-30TGW |
| | USM NUMBER: 54396-018 |
| vs. | |
| MICHAEL THOMAS HANLEY | Defendant's Attorney: Roger Futerman, ret. |

THE DEFENDANT:

X  pleaded guilty to count(s) ONE, SIX, and EIGHT of the Indictment.
_  pleaded nolo contendere to count(s) which was accepted by the court.
_  was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(b)(1)(C) | Conspiracy to Possess with Intent to Distribute and Distribution of Benzylpiperazine | May 4, 2010 | One |
| 21 U.S.C. § 841(b)(1)(C) | Possession with Intent to Distribute Benzylpiperazine | May 4, 20120 | Six |
| 18 U.S.C. 924(c) | Possession of a Firearm in Furtherance Of a Drug Trafficking Crime | May 4, 2010 | Eight |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_  The defendant has been found not guilty on count(s)
X  Count(s) FOUR, FIVE, and SEVEN of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: March 21, 2012

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: March 21, 2012

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED (100) MONTHS. This term consists of terms of FORTY (40) MONTHS on each of Counts One and Six of the Indictment and a term of SIXTY (60) MONTHS as to Count Eight of the Indictment, which shall run consecutive to Counts One and Six of the Indictment.

_X_ The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed at FCI Coleman, if possible. The defendant shall participate in the 500 hour intensive drug treatment program while incarcerated.

_X_ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

  __ at __ a.m./p.m. on __.
  __ as notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  __ before 2 p.m. on __.
  __ as notified by the United States Marshal.
  __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
__ at _____, with a certified copy of this judgment.

                                   _____
                                   United States Marshal

                              By: _____
                                   Deputy United States Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FOUR (4) YEARS**. This term consists of **THREE (3) YEARS** as to Counts One and Six of the Indictment and **FOUR (4) YEARS** as to Count Eight of the Indictment, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

__X__ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | MICHAEL THOMAS HANLEY | Judgment - Page 4 of 6 |
| Case No.: | 8:11-cr-78-T-30TGW | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

__X__  The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

__X__  The defendant shall participate as directed in a program of mental health treatment (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

__X__  The defendant shall submit to a search of his person, residence, place of business, any storage units under his control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

__X__  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

__X__  The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The Court orders random drug testing not to exceed 104 tests per year.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $300.00 | Waived | N/A |

&mdash; The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

&mdash; The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals:** | $ | $ | |

&mdash; Restitution amount ordered pursuant to plea agreement $ _____.

&mdash; The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

&mdash; The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    &mdash; the interest requirement is waived for the ___ fine ___ restitution.

    &mdash; the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__  Lump sum payment of $__300.00__ due immediately, balance due

   ___ not later than _____, or

   ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___  Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


___  The defendant shall pay the cost of prosecution.

___  The defendant shall pay the following court cost(s):

_X_  The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets previously identified in the Preliminary Order of Forfeiture, that are subject to forfeiture, specifically, but are not limited to: one Taurus 9 millimeter pistol, model PT111 PRO, serial number TAN20261; one Hi-point .380 caliber pistol, model CF380, serial number P876779, loaded with a magazine clip and six rounds of Remington .380 caliber ammunition; one AA Arms, Inc. 9 millimeter pistol, model AP-9, serial number 045149 with 9 millimeter magazine clip inserted; and a money judgment in the amount of $4,000. The Preliminary Order of Forfeiture for Specific Property and Forfeiture Money Judgment is made part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                           Case No. 8:11-cr-78-T-30TGW

MICHAEL THOMAS HANLEY

## PRELIMINARY ORDER OF FORFEITURE FOR SPECIFIC PROPERTY AND FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the filing of the United States' Motion for entry of a Preliminary Order of Forfeiture (Doc. 59), pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(2), for the following:

    a. One Taurus 9mm pistol, model: PT111 PRO, serial number: TAN20261;

    b. One Hi-Point .380 caliber pistol, model: CF380, serial number: P876779 loaded with magazine clip and 6 rounds of Remington .380 caliber ammunition; and

    c. One AA Arms Inc. 9mm pistol, model: AP-9, serial number: 045149 with 9mm magazine clip inserted.

The United States further moved this Court to enter a forfeiture money judgment in the amount of $4,000.00, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(2). Upon entry, the Preliminary Order of Forfeiture for Specific Property and Forfeiture Money Judgment shall become final as to the defendant.

Being fully advised in the premises, the Court hereby finds that the United States has established the requisite nexus between the defendant's possession of

a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), charged in Count Eight, and the firearms and ammunition referenced above.

The Court further finds that despite the omission of the money judgment in the Plea Agreement, the defendant agreed to forfeit any and all assets and property, or portions thereof, pursuant to 21 U.S.C. § 853, which includes proceeds of the offenses charged in Count One of the Indictment. Based on the facts of the defendant's Plea Agreement, the United States has established that at least $4,000.00 was obtained as a result of the conspiracy to possess with intent to distribute drugs, in violation of 21 U.S.C. § 846, charged in Count One. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that for good cause shown, said Motion (Doc. 59) of the United States is hereby GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(2), the defendant's interest in the firearms and ammunition referenced above is hereby forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853 and Rule 32.2(b)(2), the defendant shall be held jointly and severally liable with co-defendant Carlos Infante for a forfeiture money judgment in the amount of $4,000.00, which represents the proceeds received as a result of the drug trafficking conspiracy.

The Court retains jurisdiction to entertain any third party claims that may be asserted in these proceedings, to enter any further orders necessary for the forfeiture and disposition of the firearms and ammunition, and any of the defendant's property that the United States is entitled to seek as a substitute asset to satisfy the money judgment.

**DONE** and **ORDERED** in Tampa, Florida on March 8, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

F:\Docs\2011\11-cr-78.forfeit 59.wpd

3